IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DARAYL D. DAVIS,<br><br>Defendant,<br><br>and<br><br>AFFLUENT ADVISORY GROUP, LLC,<br><br>Relief Defendant. | Civil Action No. 17-9224 |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff United States Securities and Exchange Commission (the "SEC"), pursuant to Federal Rule of Civil Procedure 55(b)(2), respectfully moves for entry of Final Judgment as to Defendant DaRayl D. Davis ("Defendant") and Relief Defendant Affluent Advisory Group, LLC ("Relief Defendant"), for the reasons set forth below and in the accompanying memorandum of law and the Declaration of Jacqueline D. King and any exhibits thereto:

1. On March 26, 2018, this Court entered an Order pursuant to Rule 55(b)(2) granting Plaintiff's motion for entry of default judgment as to liability against Defendant and Relief Defendant. (Dkt. 53.)

2. On May 10, 2018, this Court stayed discovery in light of Defendant's criminal litigation *United States v. DaRayl Davis*, No. 18-cr-25 (N.D. Ill) (Dkt. 55), and on October 29, 2019, stayed the matter pending the conclusion of Defendant's criminal case (Dkt. 66).

3. On January 19, 2021, Defendant pleaded guilty to one count of mail fraud in violation of 18 USC § 1341. (Cr. Dkt. 149.)

4. On May 3, 2021, Defendant was sentenced to a period of incarceration of 160 months, a term of supervised release of three years, and ordered to pay restitution in the amount of $7,171,085 (the "Restitution Order"). (Cr. Dkt. 164.)

5. The SEC now moves for entry of Final Judgment as to Defendant, (1) enjoining him from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R § 240.10b-5; and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1) and 80b-6(2); and (2) ordering Defendant to pay disgorgement in the amount of $4,134,796 and prejudgment interest in the amount of $1,172,110, for a total of $5,306,906, but deeming payment of those amounts satisfied by entry of the Restitution Order.

6. The SEC further moves for entry of Final Judgment as to Relief Defendant, ordering it to disgorge $59,624, the total amount of funds held in the accounts frozen by this Court's Asset Freeze Order (Dkt. 13) and Preliminary Injunction, Order Freezing Assets, and Granting Other Relief (Dkt. 27) (collectively, the "Asset Freeze"), and prejudgment interest of $9,746, for a total of $69,370, but deeming payment of those amounts satisfied by entry of the Restitution Order against Defendant.

7. Finally, the SEC further moves for an order directing that custodians of Davis's and AAG's assets subject to the Asset Freeze transfer such assets to the Clerk of the Court so that those funds may to be applied to the Restitution Order and dissolving the Asset Freeze.

Dated: August 12, 2021

Respectfully submitted,

/s/ Jennifer Chun Barry
Scott A. Thompson
Jennifer Chun Barry
Norman P. Ostrove
U.S. Securities and Exchange Commission
1617 JFK Blvd., Suite 520
Philadelphia, Pennsylvania 19103
(215) 597-3100 (telephone)
(215) 597-2740 (facsimile)
ThompsonS@sec.gov
BarryJ@sec.gov
OstroveN@sec.gov

Jonathan S. Polish
U.S. Securities and Exchange Commission
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
(312) 353-6884 (telephone)
312.886.8514 (facsimile)
PolishJ@sec.gov

*Attorneys for Plaintiff*